Miller v City of Ithaca (2020 NY Slip Op 00190)





Miller v City of Ithaca


2020 NY Slip Op 00190


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528254

[*1]Christopher Miller, Respondent,
v
City of Ithaca et al., Appellants.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Stokes Wagner, ALC, Ithaca (Paul E. Wagner of counsel), for appellants.
Bosman Law Firm, LLC, Blossvale (A.J. Bosman of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Keene, J.), entered September 28, 2018 in Tompkins County, which, among other things, denied defendants' motion to dismiss the complaint.
Plaintiff was formerly employed as a police officer by defendant City of Ithaca. During the course of his employment, plaintiff complained of discrimination on the basis of race and gender and filed multiple complaints with the Division of Human Rights. In May 2010, plaintiff filed suit in US District Court alleging that he had been subjected to unlawful discrimination and retaliation as a result of the complaints he had made. The following month, plaintiff was served with a notice of discipline seeking his termination based on allegations that he had falsified his employment application. Plaintiff elected to grieve the notice of discipline and demanded arbitration. The federal action was tried in September and October 2012, resulting in a jury verdict for plaintiff, finding, among other things, that service of the June 2010 notice of discipline constituted unlawful retaliation. Thereafter, plaintiff served the City with a notice of claim demanding that it withdraw the notice of discipline and terminate the arbitration based on the verdict. Plaintiff also moved to dismiss the arbitration based upon the verdict, which defendants opposed and the arbitrator denied, and the United States District Court for the Northern District of New York denied plaintiff's motion for an order directing defendants to withdraw the June 2010 notice of discipline.[FN1] The City did not withdraw the notice of discipline and arbitration proceeded. In February 2013, the arbitrator issued a decision concluding that plaintiff had falsified his employment application, and the arbitrator imposed a penalty of immediate termination for cause.
In October 2015, plaintiff commenced this action asserting four causes of action under the Human Rights Law and the Ithaca City Code. The first and second causes of action are based on the City's refusal to withdraw the notice of discipline and terminate the arbitration. The third and fourth causes of action are based on allegations that the City had requested that an armed security guard be present at workers' compensation hearings that had been held on unspecified dates. Defendants moved to dismiss the complaint. Plaintiff opposed the motion and submitted an amended complaint that alleged that one of the relevant workers' compensation hearings was held on May 14, 2013. Supreme Court denied defendants' motion to dismiss and granted plaintiff leave to amend the complaint. Defendants appeal.
Defendants argue that plaintiff cannot base a cause of action on the City's refusal to withdraw the notice of discipline and terminate the arbitration because, as District Court and the arbitrator both found, different issues were disputed in the federal action and the arbitration. We agree. The issue presented in the arbitration was whether there was just cause for plaintiff's discharge; at issue in the federal action was whether defendants' motivation for seeking plaintiff's termination was retaliatory. The arbitrator found, by clear and convincing evidence, that plaintiff had lied on his job application when he willfully concealed his prior employment as a police officer with the Town of Vinton Police Department in Virginia and, further, that the appropriate penalty for his misconduct was immediate termination. The arbitrator's determination, which is final, established that defendants had a nonretaliatory reason for proceeding with the arbitration and ultimately terminating plaintiff (see e.g. Graham v New York State Off. of Mental Health, 154 AD3d 1214, 1221-1223 [2017]).
What remains at issue in the federal action is plaintiff's Title VII retaliation claim — that defendants retaliated against him for engaging in protected activity by issuing the notice of discipline that resulted in the termination of his employment (see Miller v City of Ithaca, ___ F Supp 3d ___, ___, 2019 WL 5883697, *1 [2019]). His claim for retaliatory termination will be fully litigated in the federal action. To prevail, plaintiff will be required to establish that he would not have been terminated but for wrongful retaliatory conduct by defendants (see University of Texas Southwestern Med. Ctr. v Nassar, 570 US 338, 360 [2013]; Miller v City of Ithaca, New York, 758 Fed Appx 101, 104 [2d Cir 2018]).[FN2] If plaintiff prevails by establishing that he would not have been terminated but for wrongful retaliatory conduct by defendants, he will be compensated for all damages arising from his wrongful, retaliatory termination in the federal action. In this action, plaintiff asserts an additional claim — that the City's refusal to withdraw the notice of discipline was a separate violation of his rights. However, he sustained no independent harm solely from this event; the result was only the continuation of the arbitration that plaintiff had requested and he was not terminated until the arbitrator rendered his decision finding that plaintiff had engaged in misconduct that warranted his dismissal. Thus, the first and second causes of action must be dismissed for failure to state a cause of action.
In the third and fourth causes of action, plaintiff claims that the City's alleged request that an armed security guard be present at workers' compensation hearings was retaliatory. In their motion to dismiss, defendants asserted that plaintiff's claim was barred by the three-year statute of limitations applicable to claims arising under the Human Rights Law and the Ithaca City Code. This action was commenced on October 19, 2015. Accordingly, all claims arising from any hearing that was held prior to October 19, 2012 must be dismissed as untimely. However, this action was timely commenced with respect to any claims arising from the hearing held on May 14, 2013.
Nonetheless, the complaint fails to state a cause of action for retaliation. Plaintiff was terminated in February 2013. To state a prima facie case of retaliation under Executive Law § 296 (7), a plaintiff must allege that his or her employer took adverse employment action as a result of engaging in a protected activity (see Graham v New York State Off. of Mental Health, 154 AD3d at 1220-1221; Hanig v Yorktown Cent. School Dist., 384 F Supp 2d 710, 724-725 [SDNY 2005]). Inasmuch as the City was no longer plaintiff's employer when it allegedly requested additional security at the May 14, 2013 workers' compensation hearing, such conduct could not constitute an adverse employment action (see Hanig v Yorktown Cent. School Dist., 384 F Supp 2d at 724-725).[FN3] Accordingly, the third and fourth causes of action must be dismissed for failure to state a cause of action.[FN4]
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, defendants' motion granted and complaint dismissed.



Footnotes

Footnote 1: Other portions of the October 2012 verdict were vacated and two additional jury trials were conducted in District Court. Following the third jury trial, both parties appealed to the United States Court of Appeals for the Second Circuit, which vacated the first jury's verdict that service of the June 2010 notice of discipline was retaliatory and remanded this claim — the sole claim remaining in the federal action — for a new trial (Miller v City of Ithaca, New York, 758 Fed Appx 101, 104 [2d Cir 2018]).

Footnote 2: In the 2012 trial, the motivating standard factor was applied to plaintiff's retaliation claim. Trial in District Court is currently scheduled to commence on February 18, 2020 (Miller v City of Ithaca, 2019 WL 5883697 at *1).

Footnote 3: For the same reason, the complaint fails to state a cause of action that defendants discriminated against plaintiff based upon a disability (see Executive Law § 296 [2]).

Footnote 4: Even if it is assumed that the location of the workers' compensation hearing was a place of public accommodation, the complaint fails to state a cause of action under Executive Law
§ 296 (2) because plaintiff does not allege that he was denied use of the accommodation or facility by reason of his disability.